UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

SCOTT AVERY                                                                                       PLAINTIFF

V.                              No. 4:18CV00911-KGB-JTR

SHANE JONES, Sheriff,
Pope County, *et al.*                                                                        DEFENDANTS

## SUPPLEMENTAL RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Baker can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

### I. Discussion

Plaintiff Scott Avery ("Avery") filed this *pro se* § 1983 Complaint and Amended Complaint alleging that Defendants violated his constitutional rights when he was a pretrial detainee in the Pope County Detention Center. *Docs. 2 & 5.*

The Court screened Avery's allegations and recommended that he be allowed to proceed with his failure-to-protect and inadequate medical care claims for damages against Defendant Sheriff Shane Jones, but that all other claims be dismissed. *Doc. 7*.

On May 24 and June 14, 2019, mail sent to Avery at his address of record was returned undelivered, with no forwarding address. *Docs. 10 & 14*. On June 14, 2019, the Court entered an Order directing Avery to file a notice of his current mailing address if he intended to pursue this action. The Court also advised him that, if he had been released, he must file a free-world application to proceed *in forma pauperis*. Finally, the Court's Order cautioned him that, if he failed to comply, as directed, on or before July 15, 2019, his case might be dismissed, without prejudice, pursuant to Local Rule 5.5(c)(2).[1] *Doc 15*.

As of the date of this Supplemental Recommendation, Avery has not complied with the Court's June 14, 2019 Order, and the time to do so has expired. His mail is

---

[1]On December 14, 2018, the Court advised Avery of his responsibilities under Local Rule 5.5(c)(2). *Doc. 3*. The Local Rule provides:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself must sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding pro se must be expected to be familiar with and follow the Federal Rules of Civil Procedure.

still being returned undelivered (*Doc. 16*), and he has not provided a current valid address. His last communication with the Court was on January 14, 2019. *See Doc. 6*.

## II. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.     This case be DISMISSED, WITHOUT PREJUDICE, due to a lack of prosecution.

2.     The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

DATED this <u>7th</u> day of November, 2019.

_____
UNITED STATES MAGISTRATE JUDGE